**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alex Guy Gillis Thrasher,<br><br>    Plaintiff,<br><br>v.<br><br>Unknown VanNorstran, *et al.*,<br><br>    Defendants. | No. CIV 24-050-TUC-CKJ<br><br>**ORDER** |

Pending before the Court are the Motion to Compel Production of All Related Medical Records (Doc. 22), the Motion to Ask Court to Compel Defendant to Complete a Deposition (Doc. 23), the Motion Requesting Leave of Court to Amend Complaint/Extension of 14 Days for Completion of Second Amendment (Doc. 34), the Motion for Default Judgement Against the Defendant (Doc. 39), the Application for Entry of Default (Doc. 39) the Motion Requesting Discovery (Doc. 40), and the Request for a Subpoena in a Civil Case (Doc. 41) filed by Plaintiff Alex Guy Gillis Thrasher ("Thrasher"). Additionally, Thrasher has submitted a Second Amended Complaint ("SAC") (Doc. 38) and a Status Check of 2nd Amended Complaint/s and Recently Submitted Motions (Doc. 46).

I. *Motion Requesting Leave of Court to Amend Complaint/Extension of 14 Days for Completion of Second Amendment* (Doc. 34)

    The Court previously granted Thrasher additional time to submit his SAC and will accept the docketed SAC as timely.

    The Court previously advised Thrasher that "[f]ive factors are frequently used to

assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Further, as the Court previously advised Thrasher, this Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity, 28 U.S.C. § 1915A(a), and must dismiss claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2). November 20, 2024, Order (Doc. 15, p. 2). Additionally, the Court previously summarized the requirements for stating a claim upon which relief can be granted. *Id*. at 3.

The Court also advised Thrasher of the applicable rule which states, *inter alia*, a "proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits." March 25, 2025, Order (Doc. 35, p. 2), *quoting* LRCiv 15.1(a).

The "Supporting Facts" section of Thrasher's SAC states:

> I would like to request all previous 8th Amend. claims I made in previous amendment or in initial claim be included in the current proceedings involving this Case No. 4:24-CV-00050-TUC-CKJ as these claims are all factual and relevant to this civil rights violation case.

SAC (Doc. 38, p. 3 of 11). As the Court previously advised Thrasher an amended pleading could not incorporate any part of a preceding pleading, the Court will only consider the claims/facts alleged in the SAC. The Court screens the SAC herein and, based on the review *infra*, the Court will grant the Motion Requesting Leave of Court to Amend Complaint.

II. *Second Amended Complaint – Allegations*

Thrasher's SAC names (1) Jennifer VanNorstran, a nurse practitioner; (2) Unknown, a supervisor of medical staff for ultrasound and D.V.T.; (3) Naphcare, Inmate Health

- 2 -

Services; and (4) Unknown, the supervisor(s) in charge of acquiring vaccines, as defendants.[1] Thrasher asserts claims regarding his medical care and due process violations.

Thrasher states he has permanent damage to the tissues and vein structures of his left leg, has a fear of a possible blood clots, pulmonary embolism, heart attack, or stroke, and has suffered psychological damages by being denied life saving care. Thrasher had previously been advised by his operating surgeon of his need to be aware of the signs and symptoms of blood clots and his increased probability of developing DVTs.

Thrasher alleges that, on or about November 23, 2023, he submitted a health needs request ("HNR") stating he had a painful and swollen left leg and foot although no injury had occurred. Thrasher stated in the initial triage and, he believes, in the HNR that he had deep vein thrombosis ("DVT") and needed to be diagnosed and treated by an outside ultrasound facility. During the initial triage appointment and subsequent visits with N.P. VanNorstran, Thrasher repeatedly stated his medical history including recurrent DVTs due to major surgery repairing a compound break of Thrasher's pelvis. Thrasher also "pleaded . . . over and over" with VanNorstran, who did not listen to Thrasher's reasoning (new medication likely caused reduced blood flow and dehydration), history, and worsening condition. Thrasher requested immediate care because, based on his history, he believed he had DVT and the repeated blood clotting could easily have been caused by the changed dose of medication prescribed by VanNorstran (and its availability to Thrasher). The FAC alleges VanNorstran ordered an ultrasound for December 12, 2023, but Thrasher was not informed about the appointment. After Thrasher submitted an HNR asking why it had been weeks and he had not received an ultrasound, he was informed he had refused it. Thrasher asserts he did not refuse an ultrasound; rather, he was not informed of this scheduled ultrasound. Thrasher received an

---

[1] Generally, unknown defendants are unfavored. However, if the identity of any defendant is unknown, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013), *citation omitted*.

ultrasound on or about January 13, 2024.

In Count I, Thrasher asserts the delayed treatment resulted in permanent damage (e.g., vascular damage, increased healing time for any scrape/cut to the leg, severe swelling, need for more expensive medication). Thrasher alleges this is the result of VanNorstran's gross negligence and willful and deliberate indifference to the care and suffering of Thrasher.

Thrasher's Count II alleges his due process rights were violated because no relief was available through the administrative remedies in responding to his grievance regarding his medical care/alleged Eighth Amendment violation and the inability to dictate his own medical treatment pursuant to A.R.S. 31-203.05.

Thrasher's Count III alleges that, since July or August of 2024, he has been seeking an updated COVID-19 vaccination. Thrasher alleges he is at high risk to suffer from extreme COVID or long COVID. Thrasher alleges NaphCare has claimed neither the county nor the state provide the vaccinations and that NaphCare is not required to vaccinate even the high risk inmates, thus violating the Eighth Amendment.

In Count IV, Thrasher alleges an Eighth Amendment and/or a due process violation by supervisors failing to oversee procedures and provide adequate training, resulting in an unreasonable delay in the treatment of his DVT.

A. *Counts I and III - Eighth Amendment Violations*

Accepting Thrasher's allegations regarding the delayed care for the DVT as true, they are sufficient to state a claim for an Eight Amendment violation. *See e.g., Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (to state a § 1983 medical claim, a plaintiff must allege (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent); *see also Wilhelm v. Rotman*, 680 F.3d 1113 (9th Cir. 2012). The Court will require VanNorstran to answer Count I of the SAC.

Accepting Thrasher's allegations regarding the denial of an updated COVID-19

vaccine as true, they are sufficient to state a claim for an Eighth Amendment violation. *Compare Plata v. Newsom*, 4:01-cv-01351-JST, 2022 WL 1210694 (N.D.Cal. 4/25/2022) (where agency's vaccination policy included availability of masks and booster, agency took significant action to address health risks of COVID-19). The Court will require NaphCare to answer Count III of the SAC.

### B. *Count II – Due Process Violations*

The United States Supreme Court has found that, to state a claim for a violation of the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege that a defendant denied plaintiff a specific right protected by the federal constitution without procedures required by the Constitution to ensure fairness (procedural due process), or deliberately abused his power without any reasonable justification in aid of any government interest or objective and only to oppress in a way that shocks the conscience (substantive due process). *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327 (1986); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). Substantive due process rights are those not otherwise constitutionally protected but which are deeply rooted in this country's history and tradition and "implicit in the concept of ordered liberty" such that "neither liberty or justice would exist if it were sacrificed." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997). Negligence is not sufficient to state a claim for substantive due process. *See e.g., Daniels v. Williams*, 474 U.S. 327, 333 (1986); *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1413 (9th Cir. 1986). "To state a prima facie substantive or procedural due process claim, one must, as a threshold matter, identify a liberty or property interest protected by the Constitution." *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014); *see also Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994).

For Thrasher to state a procedural due process claim, there must be a liberty or property interest protected by the Constitution, a deprivation of the interest by the

government, and a lack of process. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). The Court accepts Thrasher's allegations regarding the inadequate administrative remedies in response to grievances and the denial of his right to make medical decisions[2] as true. However, an inmate has no free-standing constitutional right to a grievance process. *See e.g., Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (a prisoner does not have a protected liberty interest in prison grievance procedures). The Court finds Thrasher's allegations regarding an insufficient grievance procedure/appeal fail to state a claim for a procedural due process claim.

As to Thrasher's claim he was denied, without adequate procedures, his right to determine his own medical care (i.e., elect to receive a COVID-19 booster), the Court finds, for purposes of this Order, Thrasher has adequately alleged a procedural due process claim. *See e.g, Maney v. Oregon*, 729 F. Supp. 3d 1087, 1137 (D. Or. 2024) (cases addressing prisons' COVID-19 responses rely on different facts; *i.e.*, such cases provide little precedential value). The Court will require Naphcare to respond to Count II as to this alleged procedural due process claim.

Further, in considering this claim as a substantive due process violation, the Court recognizes a person's right to make his/her own medical decisions is a liberty or property interest protected by the Constitution, but must be balanced by relevant state interests. *Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497 U.S. 261, 278 (1990).[3] Accepting Thrasher's allegations as true, the Court finds Thrasher has stated a substantive due process claim for denial of his right to make his own medical decisions. The Court will require

---

[2]Thrasher refers to A.R.S. 31-203.05. However, there is no A.R.S. § 31-203.05. Further, A.R.S. § 31-203 addresses persons disqualified as prison officers or employees.

[3]The *Cruzan* Court's majority opinion did not directly analyze the scope of the liberty interest of an individual in rejecting life-sustaining treatment, but rather "assume[d]" that "a competent person [has] a constitutionally protected right to refuse lifesaving hydration and nutrition." 497 U.S. at 279.

Naphcare to respond to this substantive due process claim of Count II.

### C. *Count IV – Supervisor Liability*

Congress did not intend to "impose liability vicariously on [employers or supervisors] solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Monell*, 436 U.S. at 692. Supervisory personnel are not generally liable under section 1983 for actions of their employees under a *respondeat superior* theory; therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir.2001); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979).

To state a claim for supervisor liability, a plaintiff must allege facts to indicate that the supervisor defendant either: (1) personally participated in the alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) promulgated or implemented a policy "so deficient that the policy itself 'is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991) (supervisory liability in an individual capacity requires: (1) that defendant's "own culpable action or inaction in the training, supervision, or control of his subordinates" caused the constitutional injury, (2) that the defendant "acquiesce[d] in the constitutional deprivations of which [the] complaint is made," or (3) that his conduct showed a "reckless or callous indifference to the rights of others").

Thrasher alleges supervisor liability based on inadequate oversight and training regarding his Eighth Amendment and due process claims. Accepting Thrasher's allegations as true, the Court finds Thrasher has stated a supervisory liability claim against the Unknown Supervisor(s) of medical staff for ultrasound and D.V.T. and the Unknown Supervisor(s) of vaccine acquisition. When, and if, the Unknown Supervisors are identified, they shall be

required to respond to Claim IV.

III. *Application for Entry of Default* (Doc. 39)

Thrasher seeks entry of default based on VanNorstran's alleged modification of Thrasher's medical records. Thrasher asserts a November 28, 2023, entry in his medical records was changed from "localized adema" to "ace wrap." Application (Doc. 39, p. 1). He further states he knows "this to be a fact." Reply (Doc. 44, p. 3). VanNorstran asserts, however:

> Defendant has not disposed of anything nor has she made any improper entries or even alterations in Plaintiff's medical record and has simply documented his care (which includes references to lower leg edema even after he initially refused an ultrasound appointment in that regard – records believed to already be in Plaintiff's possession or to which he has access). And even if a problem list item was amended, Plaintiff offers no credible support that such a change was made by Defendant, and, again, no support for his suggestion such a change was improper or not properly documented.

Response (Doc. 42, p. 2). Thrasher does not clarify how he knows this as fact. He has indicated he has not yet received medical records and he has not indicated he has been allowed to view his medical records.

It appears Thrasher is asserting this violates the Court's March 25, 2025, Order directing evidence to be preserved. VanNorstran asserts the Court's Order does not require a party to permit or provide discovery, which is required for the default sanction of Fed.R.Civ.P. 37(b)(2)(A). Arguably, the Court's Order could be sufficient to warrant sanctions imposed pursuant to Fed.R.Civ.P. 37. *See e.g., Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, 2013 WL 6159177, \*6-\*10 (S.D. Cal. 2013) (where duty to preserve existed and documents destroyed warranted sanctions of attorneys' fees and adverse instruction); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 519–20 (D.Md. 2010) ("It would clearly violate the purpose of Rule 37(b) if a court were unable to sanction a party for violating the court's order to preserve evidence simply because that order did not also order the production of the evidence. . . . [T]he duty to preserve relevant evidence is a

common law duty, not a rule-based duty."). However, the Court finds the record is not sufficiently developed to determine whether evidence has been modified and whether a less extreme sanction is warranted. For example, there is no basis to conclude VanNorstran modified the entry and the Court does not find it appropriate to impose a severe sanction without known culpability. *See e.g. Pettit v. Smith*, 45 F. Supp. 3d 1099, 1109 (D. Ariz. 2014), *quoting Peralta v. Dillard*, 744 F.3d 1076, 1084 (9th Cir.2014) (holding a defendant "liable for delay in treatment caused by shortages beyond his control, on the theory that the state will wind up paying any damages award" would violate Eleventh Amendment sovereign immunity). Indeed, as summarized in *Pettit*:

> "There are two sources of authority under which a district court can sanction a party who has despoiled evidence: the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who 'fails to obey an order to provide or permit discovery.'" . . .
>
> The Ninth Circuit has instructed that before a district court imposes the "harsh sanction" of dismissal or a directed verdict, it "should consider the following factors: '(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" . . . A "finding of 'willfulness, fault, or bad faith' is required for dismissal to be proper."

45 F. Supp. 3d at 1105.

The Court finds the record is insufficiently developed to determine whether evidence has been modified or if VanNorstran (as opposed to some other person) modified evidence. Thrasher will be granted leave to resubmit if discovery (e.g., interrogatories, depositions, subpoenas for records) can show spoliation of evidence (e.g., software allows modifications of entries, policy allows modification, etc.).

Additionally, Thrasher requests the Court order the defense to pay for a forensic examination of computer records to ascertain the details of the alleged modification. Generally speaking, Thrasher's "obligations, even as an indigent litigant, to finance his own litigation expenses cannot be arbitrarily thrust upon defendants." *Rivera v. DiSabato*, 92 F.Supp. 38, 40 (D.N.J. 1997). Rather, the United States Supreme Court has stated that "the

expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress[.]" *United States v. MacCollom*, 426 U.S. 317, 321 (1976). The *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize the expenditure of public funds for an indigent party's litigation expenses, including discovery. *See e.g.*, *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (Section 1915 "does not give the litigant a right to have documents copied and returned to him at government expense."). Although Thrasher is seeking the funding as a sanction, it is inappropriate to direct such funding by the defense prior to any showing of spoliation. The Court will deny this request with leave to resubmit if it is established VanNorstran (or other Defendant, as the Court is granting the Motion to Amend Complaint herein) modified evidence.

IV. *Motions to Compel* (Docs. 22 and 23),[4] *Motion Requesting Discovery* (Doc. 40) *and Request for a Subpoena* (Doc. 41)

Disclosure of specified information must be provided as set forth in Fed.R.Civ.P. 26(a)(1). Moreover, discovery in civil cases is permitted as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b). Furthermore, Rule 26 permits the discovery of information which may relate "to the *credibility* of a witness or other evidence in the case[.]" Schwarzer, Tashima & Wagstaff, *Federal Civil Procedure Before Trial* § 11.624. One purpose of discovery is to "reveal what evidence the opposing party has, thereby helping determine which facts are undisputed – perhaps paving the way for a summary judgment motion – and which facts must

---

[4]The Court notes Thrasher may wish to consider the costs when choosing discovery methods (e.g., oral deposition vs. written deposition).

- 10 -

be resolved at trial." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004). Indeed, "[t]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants . . . Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues . . ." *Burlington Northern & Santa Fe Ry. Co. v. United States*, 408 F.3d 1142, 1148-49 (9th Cir. 2005), *citation omitted.*

If a party fails to make a disclosure required by Fed.R.Civ.P. 26, another party may seek to compel disclosure. Fed.R.Civ.P. 37(a)(3)(A) and (B). "Compelling discovery is inappropriate [where a] plaintiff has not made a formal discovery request[.]" *Ritchie v. United States*, No. C 00-3940 MHP, 2007 WL 2318970, at *3 (N.D. Cal. Aug. 10, 2007), aff'd, 343 F. App'x 238 (9th Cir. 2009). Further, VanNorstran asserts Thrasher has not met and conferred with defense counsel regarding discovery as required by Fed.R.Civ.P. 37; *see also* LRCiv 7.2(j). Thrasher indicates he made attempts to obtain the documents from the facility and the defense.[5] VanNorstran disputes this and asserts Thrasher has not sought the records in compliance with the Arizona Department of Corrections Rehabilitation and Reentry ("ADCRR") Department Order 1104 or from defense counsel by, for example, written correspondence. It is not clear if Thrasher has consulted with the defense and made sincere efforts to resolve the matter.

Lastly, failure to comply with an order to provide or permit discovery may result in sanctions, including designating facts be taken as established, prohibiting the violating party from asserting claims or defenses, striking pleadings, staying proceedings, dismissing the action, rendering a default judgment, or treating the failure as contempt of court. Fed.R.Civ.P. 37 (b)(3)(A).

---

[5]The Court notes in Thrasher's reply as to the Application for Entry of Default, Thrasher asserts he sought the medical records from both the defense and the ADCRR.

A.  *Motion to Compel Production of All Related Medical Records* (Doc. 22) *and Motion Requesting Discovery* (Doc. 40)

Thrasher seeks all medical records from VanNorstran, including records possessed or obtainable by Defendants from other health providers (e.g., other prison/jail facilities, Centurion, orthopedic surgeon) and in all forms (written records, photographic, video, diagnostics, etc.).  The parties dispute whether Thrasher has made efforts to seek discovery.  The Court recognizes the ECF docket does not include any Notice of Discovery.  *See* LRCiv 5.2 ("A 'Notice of Service' of the disclosures and discovery requests and responses listed in Rule 5(d)(1)(A) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers.").

In his reply to the response to the Motion Requesting Discovery, Thrasher appears to be asserting that he is not required to seek discovery without court intervention.  However, as previously stated, seeking to compel "discovery is inappropriate [where a] plaintiff has not made a formal discovery request[.]"  *Ritchie*, 2007 WL 2318970, at *3.  Indeed, the discovery rules are designed to operate extrajudicially which may save court time.  *See e.g.*, Fed.R.Civ.P. 26 and 34, Notes of Advisory Committee on Rules - 1970 Amendment; *Ryan v. Nagy*, No. 2:20-CV-11528, 2022 WL 21988830, at *7 (E.D. Mich. Oct. 11, 2022) ("Discovery is typically an extrajudicial process, conducted by the parties without the court's involvement.").  Thrasher is referred to Fed.R.Civ.P. 31 (any persons) and 34 (parties), as well as LRCiv 5.2, to assist in his discovery efforts.  Additionally, Thrasher may wish to consider Fed.R.Civ.P. 33 (parties) in seeking discovery.

VanNorstran also objects to the broad request, stating that it seeks potentially voluminous records that are not properly limited in time, scope or context with respect to Thrasher's claims.  Indeed, Thrasher has not limited his request to documents related to his claims or alleged how all records, regardless of time and scope, are relevant and its discovery would be proportionate to the needs of the case.

In his Motion Requesting Discovery, Thrasher asserts he has been denied his medical

records. It appears Thrasher is conflating his right to review the records versus the right to receive copies of the records. It appears Thrasher has been denied a copy of the records. However, under ADCRR policy, Thrasher must provide a letter that identifies *specific portions* of his medical records to be copied or subpoena the documents. The record does not indicate Thrasher complied with ADCRR policy.

The Court will deny these requests with leave to resubmit if Thrasher is unable to obtain relevant and proportionate discovery pursuant to the Federal Rules of Civil Procedure or ADCRR administrative procedures.

B. *Motion to Ask Court to Compel Defendant to Complete a Deposition* (Doc. 23)

As previously stated, compelling discovery is not appropriate if a plaintiff has not made a formal discovery request. *Ritchie*, 2007 WL 2318970, at *3. Again, no Notice of Discovery has been filed.

The Court will deny this request with leave to resubmit if Thrasher is unable to obtain relevant and proportionate discovery pursuant to the Federal Rules of Civil Procedure.

C. *Request for a Subpoena* (Doc. 41)

Thrasher requests the issuance of a subpoena. The applicable General Order states:

> IT IS ORDERED that any self-represented litigant who wishes to serve a subpoena must file a motion with the Court for issuance of the subpoena. The motion must (1) be in writing, (2) attach a copy of the proposed subpoena, (3) set forth the name and address of the witness to be subpoenaed and the custodian and general nature of any documents requested, and (4) state with particularity the reasons for seeking the testimony and documents. The assigned judge shall determine whether the requested subpoena shall issue. Issuance of the subpoena shall not preclude any witness or person subpoenaed, or other interested party, from contesting the subpoena.

G.O. 18-19.

Thrasher has submitted a motion, attached a copy of the proposed subpoena, has provided the name and work address of the witness to be subpoenaed, and has stated with particularity the reasons for seeking the documents. The Court will grant this request.

Fed.R.Civ.P. 45(a)(3). However, the proposed subpoena does not provide sufficient space for the Clerk of Court to issue the subpoena. The Court will direct the Clerk of Court to issue a subpoena, signed but otherwise blank, and provide it to Thrasher.

V. *Status Check of 2nd Amended Complaint/s and Recently Submitted Motions* (Doc. 46)

Thrasher, in effect, requests to know when a ruling will be issued on the issues pending before the Court. To the extent this Order addresses the pending issues, the Court will grant the request.

Accordingly, IT IS ORDERED:

1. The Motion Requesting Leave of Court to Amend Complaint/Extension of 14 Days for Completion of Second Amendment (Doc. 34) is GRANTED.

2. The Clerk of Court must send Thrasher service packets including the Second Amended Complaint (Doc. 38), this Order, and both summons and request for waiver forms for Defendant Unknown Supervisor – ultrasound and D.V.T., Defendant Unknown Supervisor – vaccine acquisition, and Defendant Naphcare.

3. Thrasher must complete[6] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Thrasher fails to comply with this Order.

4. If Thrasher does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on Defendant within 90 days of the filing of this Order, the action may be dismissed. Fed.R.Civ.P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

---

[6] If a Defendant is an officer or employee of the Arizona Department of Corrections, Rehabilitation & Reentry, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections, Rehabilitation & Reentry unless the officer or employee works there.

1    5.    The United States Marshal must retain the Summons, a copy of the Second
2 Amended Complaint, and a copy of this Order for future use.
3    6.    The United States Marshal must notify Defendants of the commencement of
4 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
5 Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.
6    7.    If a Defendant agrees to waive service of the Summons and Second Amended
7 Complaint, Defendant must return the signed waiver forms to the United States Marshal, not
8 the Thrasher, within 30 days of the date of the notice and request for waiver of service
9 pursuant to Fed.R.Civ.P. 4(d)(1)(F) to avoid being charged the cost of personal service.
10   8.    The Marshal must immediately file signed waivers of service of the summons.
11 If a waiver of service of summons is returned as undeliverable or is not returned by a
12 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
13 Marshal must:

14    (a) personally serve copies of the Summons, Second Amended Complaint, and
15    this Order upon Defendant pursuant to Rule 4(e)(2) and (h) of the Federal
16    Rules of Civil Procedure; and
17    (b) within 10 days after personal service is effected, file the return of service
18    for Defendant, along with evidence of the attempt to secure a waiver of service
19    of the summons and of the costs subsequently incurred in effecting service
20    upon Defendant. The costs of service must be enumerated on the return of
21    service form (USM-285) and must include the costs incurred by the Marshal
22    for photocopying additional copies of the Summons, Second Amended
23    Complaint, or this Order and for preparing new process receipt and return
24    forms (USM-285), if required. Costs of service will be taxed against the
25    personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of
26    Civil Procedure, unless otherwise ordered by the Court.
27   9.    Defendant VanNorstran, each Defendants Unknown Supervisor, and

1  Defendant Naphcare must answer the Second Amended Complaint or otherwise respond by
2  appropriate motion within the time provided by the applicable provisions of Rule 12(a) of
3  the Federal Rules of Civil Procedure.
4      10.   The Motion to Compel Production of All Related Medical Records (Doc. 22),
5  the Motion to Ask Court to Compel Defendant to Complete a Deposition (Doc. 23), the
6  Motion Requesting Discovery (Doc. 40) are DENIED with leave to resubmit.
7      11.   The Request for a Subpoena in a Civil Case (Doc. 41) is GRANTED.  The
8  Clerk of Court shall issue a subpoena, signed but otherwise blank, and provide it Thrasher.
9      12.   The Application for Default Judgement Against the Defendant (Doc. 39) is
10 DENIED with leave to resubmit.
11     13.   The Status Check of 2nd Amended Complaint/s and Recently Submitted
12 Motions (Doc. 46) is GRANTED to the extent the Court addresses the pending issues herein.
13     14    The February 19, 2025, Order (Doc. 25) is CONFIRMED.  If, after the
14 appearance(s) of any additional Defendant(s), the parties may seek extensions if needed.
15     DATED this 20th day of June, 2025.

_____
Cindy K. Jorgenson
United States District Judge