**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alex Guy Gillis Thrasher,<br><br>      Plaintiff,<br><br>v.<br><br>Unknown VanNorstran, *et al.*,<br><br>      Defendants. | No. CIV 24-050-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion Requesting a Subpoena in a Civil Matter (Doc. 52) filed by Plaintiff Alex Guy Gillis Thrasher ("Thrasher"). Thrasher requests a subpoena be issued to Facility Administrator Davey for production of the names and titles of responsible parties/employees of Naphcare who are at issue in Thrasher's Counts 1, 2, 3, and 5. *See e.g.*, *Dyer v. Does 1-10*, No. 23-CV-01226-JCS, 2024 WL 5711916, at *1 (N.D. Cal. Dec. 10, 2024), *citation omitted* ("Courts in this Circuit permit expedited discovery to identify unknown defendants . . ."). Additionally, Thrasher requests a copy of his Second Amended Complaint accompany the subpoena so the Facility Administrator may correctly identify the appropriate persons.

Thrasher's motion requests the issuance of a subpoena pursuant to the local general order. The applicable general order states:

> IT IS ORDERED that any self-represented litigant who wishes to serve a subpoena must file a motion with the Court for issuance of the subpoena. The motion must (1) be in writing, (2) attach a copy of the proposed subpoena, (3) set forth the name and address of the witness to be subpoenaed and the custodian and general nature of any documents requested, and (4) state with particularity the reasons for seeking the testimony and documents. The assigned judge shall determine whether the requested subpoena shall issue. Issuance of the subpoena shall not preclude any witness or

person subpoenaed, or other interested party, from contesting the subpoena. General Order 18-19. The issue before the Court is whether Thrasher has met the procedural requirements of General Order 18-19 and does not address the admissibility/relevance of the requested information. *See Dennison v. Ryan*, No. CV-18-04539-PHX-SPL, 2022 WL 2665926, at *3 (D. Ariz. July 11, 2022), *citation omitted* ("Federal Rule of Civil Procedure 45(a)(3) states that '[t]he Clerk must issue a subpoena . . . to a party who requests it.' Whether or not the requested items are relevant is germane to whether the subpoena should be quashed, not whether it should be issued."); *see also* Gen. Order 18-19.

Thrasher has submitted a written motion, has set forth the name and address of the witness to be subpoenaed and the general nature of the information requested, and the reasons for seeking the information. However, "a subpoena duces tecum is a discovery tool used for the production of documents or other tangible objects for inspection. Fed.R.Civ.P. 45(a)(2)(c). If plaintiff wishes to obtain specific *information*, he must seek that information through other discovery methods, for example, interrogatories to a party[,]" *Heilman v. Lyons*, No. 2:09-CV-2721 KJN P, 2010 WL 5168871, at *2 (E.D. Cal. Dec. 13, 2010), *emphasis added*, or subpoena the production of documents which include the information Thrasher seeks. The proposed subpoena, with a copy of the Second Amended Complaint attached instead of an attachment specifically describing the persons sought to be identified, places the burden on the recipient to not only draft a document, but also use discretion to ascertain the information Thrasher seeks.

Further, Thrasher has only attached a copy of a partial proposed subpoena. The proposed document only includes page one of the three page form (AO88B). While the Court recognizes the U.S. Marshal[1] may choose to use UMS-285 instead of page two of

---

[1] "Officers of the court are directed to serve all process on behalf of those proceeding in forma pauperis." *Reed v. Barcklay*, No. CV-11-01339-PHX-JAT, 2012 WL 2413074, at *3 (D. Ariz. June 26, 2012), *citing* 28 U.S.C. § 1915(d). Courts in this Circuit have determined it is appropriate for the U.S. Marshal to serve a subpoena on behalf of a prisoner

- 2 -

AO88B (the proof of service page), the general order does not indicate a partial submission of the subpoena is sufficient.

Accordingly, IT IS ORDERED the Motion Requesting a Subpoena in a Civil Matter (Doc. 52) is DENIED WITH LEAVE TO RESUBMIT.

IT IS FURTHER ORDERED the Clerk of Court shall mail a blank AO88B form to Thrasher along with a copy of this Order.

DATED this 25th day of July, 2025.

_____
Cindy K. Jorgenson
United States District Judge

---

to assist in identifying a defendant. *See e.g. Cramer v. Target Corp.*, 2010 WL 1849908 (E.D. Cal. May 6, 2010) (noting that a subpoena can facilitate identifying a defendant's current location so that a pro se prisoner can provide that information to the U.S. Marshal to effectuate service); *Hamilton v. Hart*, 2017 WL 85781, at *2 (E.D. Cal. Jan. 9, 2017) (noting an IFP plaintiff is entitled to service of a subpoena by a U.S. Marshal if the plaintiff provides the appropriate service address for the subpoena).

- 3 -

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 

_____
*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____            _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).