**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alex Guy Gillis Thrasher,<br><br>    Plaintiff,<br><br>v.<br><br>Unknown VanNorstran, *et al.*,<br><br>    Defendants. | No. CIV 24-050-TUC-CKJ<br><br>**ORDER** |

Pending before the Court are the Motion to Sever/Notice Regarding Naming of Defendant(s) for Second Amended Complaint; Specifically, Angela Marie Simpson RNA, Assistance Director of Nursing, Tucson Complex (Doc. 61) and the Notice of Naming of a Defendant Angela Simpson (Assistant Director of Nursing) to Answer in Part for Count 2, 3, and 4; Others to be Named (Doc. 76) filed by Plaintiff Alex Guy Gillis Thrasher ("Thrasher").[1]

I. *Motion to Sever* (Doc. 61)

Thrasher filed this document as a Motion to Sever titled as a Notice Regarding Naming of Defendants for Second Amended Complaint. The document includes a request that his Count III (COVID-19 vaccinations) be separated from this action and be named as a class action. No response has been filed.

This Court has broad discretion to sever a claim and order a separate proceeding.

---

[1] Discovery motions are also pending before the Court; they will be addressed in a separate order.

1   *Mendoza v. United States*, No. 15CV1528-JAH (BGS), 2018 WL 1907949, at *2 (S.D. Cal.
2   Apr. 20, 2018); *see also In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012).

3   However, one prerequisite to maintaining a class action is that the "representative
4   parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4).
5   Although Thrasher may appear on his own behalf, he may not appear as an attorney for other
6   persons in a class action. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)
7   (non-lawyer had no authority to appear as an attorney for other persons in a purported class
8   action); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an
9   inmate proceeding pro se to represent fellow inmates in a class action).  "This rule is an
10  outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately
11  represent' the interests of the members of the 'class,' but also out of the long-standing general
12  prohibition against even attorneys acting as both class representative and counsel for the
13  class." *Huddleston v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983).  The Court will deny
14  Thrasher's request to sever the vaccination claim from this action.

16  II.  *Notices Regarding Naming Angela Simpson* (Docs. 61, 76)

17  Thrasher seeks to substitute Angela Simpson ("Simpson") in for Defendant Unknown
18  Party named as Administration Responsible for Obtaining Vaccines.  However, the rule
19  governing substitution of parties "does not provide for the substitution of an unknown party."
20  *Luciani v. City of Philadelphia*, No. CIV.A. 10-2918, 2012 WL 3020350, at *7 (E.D. Pa. July
21  23, 2012), aff'd, 643 F. App'x 109 (3d Cir. 2016), *citing Williams v. Baron*, No.
22  2:03–cv–2044, 2009 WL 331371, at *3 (E.D.Ca. Feb.10, 2009).

23  Rather, Thrasher must seek to amend his Second Amended Complaint to substitute
24  Simpson for Defendant Unknown Supervisor.  *See e.g. Nassiri v. Colvin*, No.
25  15CV0583-WQH-NLS, 2016 WL 7407749, at *3 (S.D. Cal. Dec. 21, 2016).  Because the
26  Court recognizes Thrasher's efforts to identify Unknown Defendants, the Court will grant
27  Thrasher leave to submit a Third Amended Complaint.  *See generally  Crowley v. Bannister*,

- 2 -

1 | 734 F.3d 967, 978 (9th Cir. 2013). However, because the time for requesting leave to amend has passed, the leave afforded to Thrasher herein is for the sole purposes of substituting named persons for Unknown Defendants. In other words, although Thrasher's October 8, 2025, Notice seeks to add Simpson as a defendant for additional claims, Thrasher's Second Amended Complaint only alleged, and the Court only found Thrasher had stated a claim upon which relief could be granted for, the supervisor liability claim as to the Unknown Supervisors. Thrasher is not granted leave herein to expand the scope of claims against the Unknown Supervisors.

Further, Thrasher is advised that all causes of action alleged in the Second Amended Complaint which are not alleged in any Third Amended Complaint will be waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987). In other words, Thrasher may choose to duplicate his Second Amended Complaint with the only modification being the naming of identified persons in lieu of Unknown Defendants.

Additionally, the Court will modify the Case Management/Scheduling Order to accommodate the amending of the Second Amended Complaint and time to complete service.

Accordingly, IT IS ORDERED:

1. The Motion to Sever (Doc. 61) is DENIED.

2. The implied Motions to Substitute included within the Notice Regarding Naming of Defendant(s) for Second Amended Complaint; Specifically, Angela Marie Simpson RNA, Assistance Director of Nursing, Tucson Complex (Doc. 61) and the Notice of Naming of a Defendant Angela Simpson (Assistant Director of Nursing) to Answer in Part for Count 2, 3, and 4; Others to be Named (Doc. 76) are DENIED.

3. Thrasher is granted leave to amend his Second Amended Complaint for the sole purposes of substituting named persons for Unknown Defendants. Thrasher shall submit any Third Amended Complaint on or before November 3, 2025.

4. The time for serving the Summons and any Third Amended Complaint upon non-served defendants is extended until **December 15, 2025**.

5. The case management deadlines in this case are modified as follows:

> A. Parties shall disclose a **witness list** on or before **January 5, 2026**. On or before that date, the parties are directed to exchange their complete list of witnesses.
>
> B. All **discovery**, including depositions of parties, witnesses and experts shall be completed by **February 2, 2026**. No discovery shall take place after that date without leave of Court upon good cause shown.
>
> C. **Dispositive** motions shall be filed on or before **March 2, 2026**.
>
> D. The parties are directed to submit a separate filing/letter regarding the status of any settlement discussions by **January 5, 2026**. The filings/letters shall contain no specific terms of settlement proposals.
>
> E. Parties and counsel shall file a **Separate Proposed Pretrial Statement/Order** within **thirty (30) days after resolution of the dispositive motions** filed after the end of discovery. If no such motions are filed, the Separate Proposed Pretrial Statements/Orders will be due on or before **April 6, 2026**. If the parties and counsel prefer, they may submit a Joint Proposed Pretrial Statement/Order.

6. All other case management deadlines and orders shall remain in full force and effect.

DATED this 14th day of October, 2025.

_____
Cindy K. Jorgenson
United States District Judge