**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alex Guy Gillis Thrasher,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Unknown VanNorstran, *et al.*,<br><br>　　　　Defendants. | No. CIV 24-050-TUC-CKJ<br><br>**ORDER** |

Pending before the Court are the Motion to Compel Production of a List of NaphCare's Employee List and Job Titles (Doc. 69) and Motion to Compel Production of a Redacted NaphCare Employee List of Administration and to Compel Defendant to Answer Interrogatory Question 16-87 and to Fully Answer 7-16 as in Most Part are Needed to be Able to Properly and Fully Argue My Case (Doc. 74) filed by Plaintiff Alex Guy Gillis Thrasher ("Thrasher").  Also pending before the Court is the Motion to Strike Plaintiff's Notice (Dkt. 63) (Doc. 70) filed by Defendant Jennifer VanNorstran ("VanNorstran" or "the defense").

I.  *Motion to Strike Plaintiff's Notice* (Doc. 63)

VanNorstran requests the Court strike the document entitled Plaintiff's First Set of Interrogatories to Defendant(s) (Doc. 63).  The Clerk of Court docketed this document as a Notice titled Plaintiffs First Set of Interrogatories to Defendants.

VanNorstran asserts this document should be stricken because it is not authorized by

any rule or statute. *See* LRCiv 7.2(m).[1] Indeed, the appropriate procedure is to file a Notice of Service of discovery papers. LRCiv 5.2; *see also* Fed.R.Civ.P. 33(a)(1) ("[A] party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)."). Thrasher does not dispute the submission violates the applicable rule, but requests the Court "to order the Defendant to answer the questions in the name of justice." Response (Doc. 71, p. 3).

The Court agrees the filing is not in compliance with the applicable rule. However, Thrasher did not include a copy of the interrogatories in support of his Motions to Compel. Because seeing and analyzing discovery material may be appropriate in determining whether the Motions to Compel should be granted, i.e., for practical reasons, the Court will deny the Motion to Strike. *See* LRCiv 83.6 ("any Judge of this Court may suspend any of these Local Rules for good cause shown"); *see also Nilon v. Nat.-Immunogenics Corp.*, No. 3:12-CV-00930-LAB BG, 2014 WL 3779006, at *6 (S.D. Cal. July 31, 2014).

II. *Motions to Compel* (Docs. 69 and 74)[2]

Thrasher seeks a limited employee list, with titles, of administrators and decision-makers related to the process, procurement, and providing vaccines. VanNorstran asserts, however:

> As Defendant has explained through undersigned counsel, there are no individuals who hold titles or the positions/duties as described by Plaintiff in the Second Amended Complaint - supervisor (ultrasound and D.V.T.) and supervisor (vaccine

---

[1] VanNorstran states she has "served objections/responses to the interrogatories on Plaintiff via mail." Reply (Doc. 75, p. 1).

[2] Thrasher has not provided the "certification that [he] has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action" required by Fed.R.Civ.P. 37(a)(1). However, Thrasher does assert the defense has acted in bad faith and has not provided helpful information. Motion (Doc. 60, p. 1).

- 2 -

>  acquisition) (Dk. 65). As such, there would be no list that NaphCare would or could provide to Plaintiff that would provide him the information he appears to still be seeking, which is the identity of employee responsible for such duties. Plaintiff does not and could not demonstrate that he would be able to review a list of employees, by title, and determine which individuals are responsible for duties he has already been informed do not exist.

Response (Doc. 73, p. 2).

The requirement of producing documents is subject to being "in the responding party's possession, custody, or control." Fed.R.Civ.P. 34(a)(1). VanNorstran has made clear neither she nor her attorney are aware of any document/information to produce in response to Thrasher's request.  Further, by counsel's signature, she is stating that, "to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,]" those statements are true. Fed.R.Civ.P. 11 (b); *see also* Ariz.R.Sup.Ct. 42, E.R. 3.3(a)(1) ("A lawyer shall not knowingly . . .  make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer[.]"), 3.3(b) ("A lawyer who represents a client in an adjudicative proceeding and who knows that a person . . . . is engaging or has engaged in . . . fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.").

While in some circumstances it may be appropriate to compel disclosure to determine whether information outside the knowledge of VanNorstran and counsel exists, public information does not warrant such action in this case.  The Court has no reason to not believe relevant Arizona guidelines do not apply.  *See* Arizona Department of Corrections Rehabilitation and Reentry Clinical Practice Guidelines, https://corrections.az.gov/sites/default/files/documents/Medical%20Services/TM%201101%20-%20Clinical%20Practice%20Guidelines%20-%20Eff.%2010-1-24.pdf (last access 10/15/2025), p. 95 ("Recommended vaccines may include but are not limited to. . . COVID-19 vaccine - Recommended for all adults").  Additionally, as Naphcare is a national business, headquartered in Birmingham, Alabama, with an intranet portal that indicates it has policies

and procedures regarding prisons, https://access.naphcare.com/?utm_source=chatgpt.com (last accessed 10/15/2025), it appears national policies exist. There is no basis to conclude either VanNorstran or counsel would have any ability to provide an employee list that could provide Thrasher with the requested information. The Court will deny the motions as to this request.

Thrasher also requests VanNorstran be directed to fully respond to his interrogatories. VanNorstran states, "Defendant is nevertheless serving objections/responses to those interrogatories (which far exceed the number of allowed interrogatories) today." Response (Doc. 73, p. 2, n. 1). However, although Thrasher has submitted a copy of the interrogatories in a separate filing, *see* Plaintiff's First Set of Interrogatories to Defendants (Doc. 63), he has not provided the Court with the responses to Interrogatories 7-16 or a statement/argument how they are lacking. As stated by another district court:

> . . . Defendant does not provide the Court with the numbers and text of the interrogatories at issue, nor does it provide the Court with a copy of the text of Plaintiff's responses. Without the opportunity to see and analyze the discovery material at issue, the Court cannot rule on Defendant's request that Plaintiff amend or supplement his interrogatory responses; therefore, Defendant's motion to compel further interrogatory responses is DENIED on that ground as well. See Funetes v. Knowles, 2007 WL 1946619, *2 ("It is not the court's duty to go through each [discovery] request ... in order to determine whether a response is inadequate. It is [the moving party's] duty to inform the court and [opposing counsel] of his specific objections to each of the at-issue requests. The court cannot make ... argument for [the movant].")

*Nilon*, 2014 WL 3779006 at *6. Additionally, as to interrogatories 16-87, it appears Thrasher had not received VanNorstran's responses prior to the filing of the Motion. However, as the defense has indicated responses/objections were being provided, this issue is now moot. In other words, even if the Court ordered VanNorstran to respond to the interrogatories 16-87, it would have no effect because VanNorstran has already responded to the interrogatories. *See e.g.*, *W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011), *quoting United States v. Ford*, 650 F.2d 1141, 1143 (9th Cir.1981) ("Since there is no longer any action in which appellants can intervene, judicial consideration of the [intervention] question would be fruitless."). The Court will deny this request.

Accordingly, IT IS ORDERED:

1. The Motion to Compel Production of a List of NaphCare's Employee List and Job Titles (Doc. 69) and the Motion to Compel Production of a Redacted NaphCare Employee List of Administration and to Compel Defendant to Answer Interrogatory Question 16-87 and to Fully Answer 7-16 as in Most Part are Needed to be Able to Properly and Fully Argue My Case (Doc. 74) are DENIED.

2. The Motion to Strike Plaintiff's Notice (Doc. 70) is DENIED.

DATED this 20th day of October, 2025.

_____
Cindy K. Jorgenson
United States District Judge