**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alex Guy Gillis Thrasher,  Plaintiff,  v.  Unknown VanNorstran, *et al*.,  Defendants. | No. CIV 24-050-TUC-CKJ  **ORDER** |

Pending before the Court is the Motion for Clarification (Doc. 84) filed by Defendant Jennifer VanNorstran ("VanNorstran") and the Clarification/Request from Plaintiff Regarding Third Amended Complaint's Submission and Contents Thereof and Status Update of Current Affairs (Doc. 85) filed by Alex Guy Gillis Thrasher ("Thrasher").

I.  *Applicable Procedural History*

On June 20, 2025, this Court issued an Order screening the Second Amended Complaint ("SAC") (Doc. 47) filed by Thrasher. The Court determined, *inter alia*:

1. Thrasher stated an Eighth Amendment claim based on delayed medical treatment against Unknown VanNorstran in Count I.
2. Thrasher stated procedural and due process claims based the allegations he was denied his right to determine his own medical care against NaphCare in Claim II.
3. Thrasher stated an Eighth Amendment claim regarding the denial of an updated COVID-19 vaccine against NaphCare in Claim III.
4. Thrasher stated claims of supervisor liability against the Unknown Supervisor(s)

of medical staff for ultrasound and D.V.T. and the Unknown Supervisor(s) of vaccine acquisition in Claim IV.

June 20, 2025 (Doc. 47).

On October 14, 2025, this Court issued an Order which granted Thrasher leave to submit a Third Amended Complaint ("TAC"). October 14, 2025, Order (Doc. 77). However, because the time for requesting leave to amend had passed, the leave afforded to Thrasher was for the sole purpose of substituting named persons for Unknown Defendants. (*Id*. at 3).

Thrasher filed his TAC on December 8, 2025 (Doc. 83). VanNorstran has filed a Motion for Clarification in which she requests the Court clarify if an Order screening the TAC will be issued (Doc. 84). Thrasher has filed a Clarification/Request from Plaintiff Regarding Third Amended Complaint's Submission and Contents Thereof and Status Update of Current Affairs (Doc. 85). Thrasher discusses his decision to omit Claim I from his TAC and ongoing alleged medical treatment, and lack thereof, provided to him and other prisoners ("Status Update").

II. *Motion for Clarification* (Doc. 84) and *Clarification/Request from Plaintiff Regarding Third Amended Complaint's Submission and Contents Thereof and Status Update of Current Affairs* (Doc. 85)

The Court has reviewed the TAC. Although the body of the TAC seeks to state claims against NaphCare, NaphCare is not stated as a party in the caption of the document nor is Naphcare listed as a party in the parties section of the TAC. TAC (Doc. 83, p. 2). The Court's prior Order stated:

> Thrasher is advised that all causes of action alleged in the Second Amended Complaint which are not alleged in any Third Amended Complaint will be waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987). In other words, Thrasher may choose to duplicate his Second Amended Complaint with the only modification being the naming of identified persons in lieu of Unknown Defendants.

October 14, 2025, Order (Doc. 77, p. 3). Thrasher is advised his conclusion "Count 1 as previously described in Second Amended Complaint would proceed in being litigated" with

claims alleged in the TAC, Status Update (Doc. 85, p. 2) fails to comply with the Court's statement that claims not alleged in the TAC will be waived. In other words, by failing to include Claim I and by failing to name Naphcare as a party, Thrasher has implicitly dismissed the claims against NaphCare.

The Court finds it appropriate to afford Thrasher an opportunity to submit a Fourth Amended Complaint ("FAC") to re-state Naphcare as a defendant if he so chooses; the Court will screen any FAC before any responsive pleading/answer is required. If Thrasher fails to submit a Fourth Amended Complaint within the time set forth herein, the Court will accept the TAC and screen it as is.

Additionally, in light of the time afforded to Thrasher to submit a FAC, the Court will stay the case management deadlines in this case pending the screening of the TAC or FAC.

III. *Miscellaneous*

The Court recognizes Thrasher's TAC includes a statement that he has "no way . . . to find parties" and requests the Court's assistance. TAC (Doc. 83, ECF p. 8 of 10). The Court previously stated:

> Generally, unknown defendants are unfavored. However, if the identity of any defendant is unknown, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013), *citation omitted*.

June 20, 2025, Order (Doc. 47, p. 3, n. 1).[1] The Court has sought to assist Thrasher in ascertaining parties and service information. *See e.g.*, July 16, 2025, Order (Doc. 51) (granting additional time to allow Thrasher an opportunity to seek information), August 28, 2025, Order (Doc. 64) (directing VanNorstran to provide information if known/available). The Court finds it appropriate to inform Thrasher he may choose to serve NaphCare's

---

[1] Thrasher is advised that any unknown defendants will be dismissed if Thrasher is unable to uncover identities.

- 3 -

registered agent for service of process (and provide the information to the U.S. Marshal), whose currently stated name and address is:

> Corporation Service Company, Inc.
> 641 South Lawrence Street
> Montgomery, AL 36104

Alabama Secretary of State, Business Entity Search, https://arc-sos.state.al.us/cgi/corpdetail.mbr/detail?corp=000159132&page=name&file=V&type=ALL&status=ALL&place=ALL&city=. The Court is not aware of any further actions that would assist Thrasher in ascertaining the names or service addresses of unknown defendants.

Accordingly, IT IS ORDERED:

1. The Motion for Clarification (Doc. 84) is GRANTED to the extent discussed herein.

2. The Clarification/Request from Plaintiff Regarding Third Amended Complaint's Submission and Contents Thereof and Status Update of Current Affairs (Doc. 85) is GRANTED to the extent discussed herein.

3. Thrasher shall file any Fourth Amended Complaint on or before January 23, 2026.

4. The Case Management Deadlines are STAYED pending the screening of either the FAC or TAC.

DATED this 2nd day of January, 2026.

_____
Cindy K. Jorgenson
United States District Judge