**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Alex Guy Gillis Thrasher, )
          Plaintiff, )
           )
v. ) No. CIV 24-050-TUC-CKJ
           )
Unknown VanNorstran, *et al.*, ) **ORDER**
           )
         Defendants. )
_____ )

Pending before the Court are the Third Amended Complaint ("TAC") (Doc. 83) and the Fourth Amended Complaint (Doc. 87) ("FAC") filed by Plaintiff Alex Guy Gillis Thrasher ("Thrasher").

I. *Procedural History*

On June 20, 2025, this Court issued an Order screening Thrasher's Second Amended Complaint ("SAC"). The Court found Thrasher had stated claims for an eighth amendment violation against Jennifer VanNorstran ("VanNorstran") for delayed care regarding deep vein thrombosis ("DVT") (Count I), an eighth amendment violation against Defendant NaphCare regarding the denial of an updated COVID-19 vaccine (Count III), a procedural due process violation and a substantive due process violation against Naphcare for denying, without adequate procedures, his right to determine his own healthcare (Count II), and a supervisory liability claim against the Unknown Supervisor(s) of medical staff for ultrasound and DVT and the Unknown Supervisor(s) of vaccine acquisition based on inadequate oversight and training (Count IV). June 20, 2025, Order (Doc. 47).

Thrasher filed a Notice naming Angela Simpson as a nursing supervisor. On October 14, 2025, this Court issued an Order which granted Thrasher leave to submit a TAC for the sole purpose of substituting named persons for Unknown Defendants on or before November 3, 2025. [1] On December 8, 2025, Thrasher filed a TAC. The TAC named VanNorstran and Angela Marie Simpson ("Simpson"), as well as two persons designated as "TBN" as defendants, but did not name NaphCare, despite the Court having determined Thrasher has stated a claim against NaphCare in its June 20, 2025, Order.

The TAC does not include a Count I.[2] The TAC's Count II alleges an Eighth Amendment claim against VanNorstran and Simpson related to inadequate and ineffective health care related to his known DVT and denial of an updated COVID-19 vaccine despite an Eliquis prescription guidance to stay up-to-date on CDC recommended vaccines and an asthma diagnosis. Count II also appears to allege both a Fourteenth Amendment procedural due process violation based on inadequate responses to his Health Need Requests ("HNR") as to both the DVT and the COVID-19 vaccine and a substantive due process violation for failing to "make certain [he] was informed of ultrasound appt and treated for DVT." TAC (Doc. 83, ECF p. 3 of 10). Although not clear, Thrasher may also be attempting to state a substantive due process claim based on the failure to provide an updated COVID-19 vaccine.

In Count III of the TAC, Thrasher alleges an Eighth Amendment claim based on Simpson denying him an updated COVID-19 vaccine through the grievance procedure. Thrasher alleges she deceptively claimed the Centers for Disease Control and Prevention

---

[1] Pointing out Thrasher's request for leave to amend was after the deadline for seeking such leave, the Court limited the leave to amend: "[B]ecause the time for requesting leave to amend has passed, the leave afforded to Thrasher herein is for the sole purposes of substituting named persons for Unknown Defendants . . . Thrasher is not granted leave herein to expand the scope of claims against the Unknown Supervisors." October 14, 2025, Order (Doc. 77, ECF p. 3 of 4).

[2] Thrasher's Count II refers to a Count I, but the document submitted to the Court does not include a Count I.

- 2 -

("CDC"), the World Health Organization ("WHO"), and the National Institutes for Health ("NIH") did not recommend the administration of the updated vaccine, despite Thrasher's taking a blood thinner and suffering from asthma.  Thrasher states he believes he contracted COVID-19 because he did not receive an updated vaccine and believes he is likely at more risk from a future contraction of COVID-19, including possible "long COVID."

In Count IV of the TAC, Thrasher alleges Eighth and Fourteenth Amendment violations against Simpson based on supervisory liability associated with "continued deprivation of necessary emergency diagnosis, treatment and care."  TAC (Doc. 83, ECF p. 6 of 10).  Thrasher alleges Simpson refused treatment for Thrasher, did not investigate missed appointments and denied Thrasher an updated COVID-19 vaccine.  Thrasher alleges this increased the likelihood of death, as well as physical (including vascular and tissue damage) and psychological pain and suffering in violation of Arizona Department of Corrections ("AZDOC") Department Orders ("DO") 3.0-3.10.  Further, Thrasher alleges Simpson's response to his grievance denying the updated COVID-19 vaccine constituted a deliberate attempt to deceive him.

On January 2, 2026, this Court issued an Order finding Thrasher's TAC had failed to name NaphCare as a defendant, implicitly dismiss[ing] the claims against NaphCare." January 2, 2026, Order (Doc. 86, ECF p. 3 of 4).  The Court afforded Thrasher "an opportunity to submit a [FAC]  to re-state Naphcare as a defendant if he so [chose.]" *Id*.  The Court also stated:

> [T]he Court will screen any FAC before any responsive pleading/answer is required. If Thrasher fails to submit a Fourth Amended Complaint within the time set forth herein, the Court will accept the TAC and screen it as is.

> Additionally, in light of the time afforded to Thrasher to submit a FAC, the Court will stay the case management deadlines in this case pending the screening of the TAC or FAC.

*Id*.

Thrasher submitted a FAC on January 6, 2026.  Thrasher's FAC purports to state claims against VanNorstran, Simpson,  TBN Administration Employee, NaphCare Policy

- 3 -

Development Employee, and TBN NaphCare employee, medical director of vaccination policy. The caption of Thrasher's FAC also states "Potential N[indecipherable, ] unknown" as a defendant. However, Thrasher has again not named NaphCare as a defendant[3] and includes defendants not included in Thrasher's SAC.

In Thrasher's Count I of the FAC, Thrasher seeks to state Eighth and Fourteenth Amendment violations and a possible Fifth Amendment violation of due process/deprivation. Thrasher alleges he submitted a HNR regarding a swollen and pained leg and, during triage, stated it was likely a DVT. Thrasher also alleges in that HNR (or one made the following day), he requested an imaging/ultrasound based on his history/records/files (including a history of DVTs). Thrasher advised nursing staff and VanNorstran of the severe and potentially fatal consequences of delaying diagnosis. As a result of a 54 day delay, Thrasher suffered flesh gashes, suffered cardiovascular damage to his leg, required plastic surgery, and resulted in an I.C.U. stay while he was incapacitated. Thrasher alleges he has suffered permanent damage to his leg, internal flesh destruction, and vascular, all of which will require lifelong use of compression songs and expensive prescription medication.

The FAC's Count II alleges Eighth and Fourteenth Amendment (substantive due process) violations. Thrasher alleges he was denied his constitutional right to determine his own healthcare as to his DVT and requested updated COVID-19 vaccine (in compliance with recommendations of CDC, NIH, and WHO considering his health issues) by VanNorstran and Simpson. Thrasher asserts he repeatedly requested and explained why treatment was necessary and treatment was arbitrarily denied in "the guise of properly decided correctional/ rehabilitative interest." FAC (Doc. 87, ECF p. 8 of 15).

The FAC's Count III alleges Eighth and Fourteenth Amendment violations. Thrasher alleges he was continually refused an updated COVID-19 vaccine, with deceit and disregard for Thrasher's desired health needs in light of his asthma and anti-coagulant medication.

---

[3]As previously summarized, Thrasher's TAC did not name NaphCare as a defendant.

- 4 -

Thrasher alleges Simpson responded to a grievance informing him the CDC, WHO, and NIH did not recommend a vaccination and, therefore, NaphCare would not be administering the vaccine. Thrasher believes he contracted and suffered from COVID-19 and, because he did not receive an updated vaccine, he is more likely to contract long COVID and/or worse cumulative symptoms.

The FAC's Count IV alleges Eighth and Fourteenth Amendment violations. This claim initially seeks to state a claim of supervisory liability based on the conduct alleged in Count I of the SAC. However, the Court has previously advised Thrasher all causes of action which are not alleged in a new complaint are waived. October 14, 2025, Order (Doc. 77, ECF p. 3 of 4); *see also* January 2, 2026, Order (Doc. 86, (ECF p. 2 of 4). However, Thrasher does make additional allegations in his Court IV. The Court will summarize the allegations included in Count IV. .

The FAC's Count IV alleges Simpson, in her supervisory capacity, failed to comply with DOs 3.0-3.10 by inadequately supervising staff, failing to ensure compliance with the applicable policies (missed appointments, required signatures for refusal of appointments), and, as a supervisor did not provide an updated COVID-19 vaccine to elevated-risk Thrasher. Thrasher alleges these failures resulted in delayed treatment regarding his DVT, visual, vascular, and tissue damage, as well as his contracting COVID-19,[4] his inability to remain current with all recommended vaccinations, placing him at elevated risk for long COVID. The FAC also alleges Simpson's response to his grievance denying the updated COVID-19 vaccine constituted a deliberate attempt to deceive him and DOC's website which claims a COVID-19 vaccination will be provided "to all who want [it] is a lie." FAC (Doc. 87, ECF p. 13 of 15).

Thrasher has also filed a Motion for Inquiry into Matters Pending and State of 4th

---

[4]The FAC alleges Thrasher 'believe[s he has] twice suffered since NaphCare decided to opt out of purchasing . . ." FAC (Doc. 87, ECF p. 12 of 15). In context, the Court accepts this as a statement alleging Thrasher twice contracted COVID-19.

Amended Complaint (Doc. 88) and a Petition for Order of Injunctive Relief for Disallowance of Needed Medication Dispensing (Doc. 89).

II. *Court Orders as Applied to the Third and Fourth Amended Complaints*

The Court's prior Orders found Thrasher had stated viable claims in his SAC. After Thrasher sought to name Simpson as a previously unknown defendant, the Court afforded Thrasher an opportunity to submit a TAC to include Simpson. November 6, 2025, Order (Doc. 82, p. 2). This Court issued an Order finding Thrasher's TAC had failed to name NaphCare as a defendant, implicitly dismiss[ing] the claims against NaphCare." January 2, 2026, Order (Doc. 86, p. 3). The Court afforded Thrasher "an opportunity to submit a [FAC] to re-state Naphcare as a defendant if he so [chose.]" *Id*. The Court also stated:

> [T]he Court will screen any FAC before any responsive pleading/answer is required. If Thrasher fails to submit a Fourth Amended Complaint within the time set forth herein, the Court will accept the TAC and screen it as is.

> Additionally, in light of the time afforded to Thrasher to submit a FAC, the Court will stay the case management deadlines in this case pending the screening of the TAC or FAC.

*Id*.

The Court has reviewed both the TAC and the FAC to ensure Thrasher's greatest opportunity to present his claims. The Court finds it appropriate to continue with the screening of the FAC.

III. *Screening of FAC*

As referenced above, the Court's October 14, 2025, Order stated:

> Because the Court recognizes Thrasher's efforts to identify Unknown Defendants, the Court will grant Thrasher leave to submit a Third Amended Complaint. *See generally Crowley v. Bannister,* 734 F.3d 967, 978 (9th Cir. 2013). However, because the time for requesting leave to amend has passed, the leave afforded to Thrasher herein is for the sole purposes of substituting named persons for Unknown Defendants. In other words, although Thrasher's October 8, 2025, Notice seeks to add Simpson as a defendant for additional claims, Thrasher's Second Amended Complaint only alleged, and the Court only found Thrasher had stated a claim upon which relief could be granted for, the supervisor liability claim as to the Unknown Supervisors. Thrasher

- 6 -

is not granted leave herein to expand the scope of claims against the Unknown Supervisors.

October 14, 2025, Order (Doc. 77, pp 2-3). In other words, the Court only considers whether the FAC states the viable claims identified in the SAC.

In Count I of Thrasher's FAC, Thrasher seeks to state Eighth and Fourteenth Amendment violations and a possible Fifth Amendment violation of due process/deprivation regarding the treatment of his DVT against VanNorstran. This claim is comparable to Thrasher's Count I in the SAC against VanNorstran for delayed care regarding the DVT. The Court finds Thrasher has stated, in Count I, an Eighth Amendment claim against VanNorstran regarding the delayed treatment of Thrasher's DVT. *See e.g., Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (to state a § 1983 medical claim, a plaintiff must allege (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent).

However, Count I of the SAC did not seek to state claims under the Fifth or Fourteenth Amendments. As these claims have been untimely submitted in the FAC, the Court finds it appropriate to dismiss these alleged claims.

In Count II of the FAC, Thrasher seeks to state Eighth and Fourteenth Amendment (substantive due process) violations regarding his own healthcare as to his DVT and updated COVID-19 vaccinations against VanNorstran and Simpson. However, in Thrasher's Count II of the SAC, Thrasher alleged this claim against NaphCare. Thrasher has not named Naphcare as a defendant in his FAC. Dismissal of these claims against VanNorstran and Simpson as untimely is appropriate.

Thrasher's Count III of the FAC alleges Eighth and Fourteenth Amendment violations against Simpson regarding the continued refusal of an updated COVID-19 vaccine. However, in Thrasher's Count III of the SAC, Thrasher alleged this claim against NaphCare. Thrasher has not named Naphcare as a defendant in his FAC. Dismissal of this claim

against Simpson as untimely is appropriate.

The FAC's Count IV alleges Eighth and Fourteenth Amendment violations. This claim initially seeks to state a claim of supervisory liability based on the conduct alleged in Count I of the SAC. However, the Court has previously advised Thrasher all causes of action which are not alleged in a new complaint are waived. October 14, 2025, Order (Doc. 77, ECF p. 3 of 4); *see also* January 2, 2026, Order (Doc. 86, (ECF p. 2 of 4). The Court will summarize the allegations included in Count IV of the FAC.

The FAC's Count IV alleges Eighth and Fourteenth Amendment violations based on supervisory liability. The claim alleges Simpson, in her supervisory capacity, failed to comply with prison guidelines, including grievance procedures, and failed to ensure adequate treatment of the DVT and providing an updated COVID-19 to Thrasher. This claim is comparable to the SAC's Count IV. The Court finds Thrasher has alleged a supervisory liability claim against Simpson for inadequate oversight and training regarding his Eighth Amendment and due process claims as to the vaccine. *See Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018), *citation omitted* (supervisory liability under § 1983 where "there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation"). The Court recognizes the language of the SAC refers to vaccine acquisition rather than administration of the vaccine, but finds the allegations sufficiently similar to permit the claim to proceed.

This action will proceed on the Count I claim of an Eighth Amendment violation against VanNorstran and the Count IV supervisory liability claims against Simpson regarding the DVT treatment and lack of an updated COVID-19 vaccine.

IV. *Motion for Inquiry into Matters Pending and State of 4th Amended Complaint* (Doc. 88)

Thrasher seeks clarification of when he may submit service of process documents as to Simpson. Thrasher also requests he be provided with a complete service packet as to

Simpson. The Court will grant these requests and schedule a deadline herein for the submission of service of process documents.

Thrasher also asserts documents establishing responsible parties have been removed from records and requests Court intervention in discovery. The Court will schedule discovery deadlines herein and, if after sincere efforts to resolve the discovery dispute with opposing counsel, LRCiv 7.2(j), the parties are unable to resolve the conflict, Thrasher may file a motion to compel. Fed.R.Civ.P. 37.

V. *Petition for Order of Injunctive Relief for Disallowance of Needed Medication Dispensing* (Doc. 89)

Thrasher requests the Court issue an injunction directing NaphCare employees to dispense the required medication Eliquis to him. Thrasher asserts his high risk of DVT or pulmonary embolism is the result of the medical treatment failures at issue in this case.

An injunction or restraining order is appropriate to grant intermediate relief if it is of the same character as which may be granted finally, and relief is not proper when requested on matters lying wholly outside the issues in suit. *See DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *amended*, 131 F.3d 950 (11th Cir. 1997). To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

While Thrasher's requested relief is related to the claims of the FAC and "might support additional claims against a defendant, they do not support [a] preliminary injunction[ …] entirely unrelated to the *conduct* asserted in the underlying complaint." *Andrade v. Diaz*, No. 5:20-CV-00137-FMO-JC, 2022 WL 17184605, at *3 (C.D. Cal. Jan. 5, 2022), *emphasis added, citations omitted*. In other words, Thrasher's requested injunctive relief is not of such a character that could result from the claims presented in the FAC. The Court will deny this request.

However, the Court will direct counsel for VanNorstran to make reasonable efforts to ensure NaphCare and/or NaphCare employees provide Thrasher with required medications. Further, the Court will direct counsel to provide the Court with a status report as to the administration of Thrasher's required medications.

Accordingly, IT IS ORDERED:

1. Thrasher's Fourth Amended Complaint Counts II and III (Eighth and Fourteenth Amendment violations) are DISMISSED.

2. Defendant VanNorstran must answer the FAC Count I claim of an Eighth Amendment violation and Defendant Simpson must answer the FAC Count IV claim regarding supervisory liability regarding the DVT treatment and lack of an updated COVID-19 vaccine within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure..

3. The Clerk of Court shall send Thrasher a service packet including the Fourth Amended Complaint, this Order, and both summons and request for waiver forms for Defendant Simpson.

4. Thrasher must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Thrasher fails to comply with this Order.

5. Thrasher shall include a copy of this Order with service of the Summons and Amended Complaint upon Defendant. If Thrasher does not either obtain a waiver of service of the summons or complete service of the Summons, Complaint, and this Order on Defendant within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to any non-served Defendant. Fed.R.Civ.P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

6. The United States Marshal must retain the Summons, a copy of the Fourth Amended Complaint, and a copy of this Order for future use.

7. The United States Marshal must notify Defendant Simpson of the commencement

of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure and Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to Defendant Simpson must include a copy of this Order. The Marshal must immediately file any signed waiver of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) and Rule 4(j)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM–285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM–285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

8.  A Defendant who agrees to waive service of the Summons and Fourth Amended Complaint must return the signed waiver forms to the United States Marshal, not Thrasher.

9.  Defendant Simpson must answer the Fourth Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

10.  A clear, legible copy of every filed pleading or other filed document exceeding ten pages in length, including exhibits and attachments, as well as documents specified in the ECF Policies and Procedure Manual § II.D.3., https://www.azd.uscourts.gov/sites/

- 11 -

azd/files/adm%20manual.pdf (a paper courtesy copy of an electronically filed document must be submitted directly to the assigned judge for certain document types), SHALL BE PROVIDED for use by the District Judge to whom the case is assigned. *See also* L.R.Civ. 5.4. Failure to submit a required copy may result in the pleading or document being stricken without further notice to a party.

11. The Motion for Inquiry into Matters Pending and State of 4th Amended Complaint (Doc. 88) is GRANTED.

12. The Petition for Order of Injunctive Relief for Disallowance of Needed Medication Dispensing (Doc. 89) is DENIED.

13. Counsel for VanNorstran is directed to make reasonable efforts to ensure NaphCare and/or NaphCare employees provide Thrasher with required medications. Counsel shall provide the Court with a status report as to the administration of Thrasher's required medications within thirty (30) days of the date of this Order..

14. The case management deadlines[5] in this case are reset as follows:

> A. Parties shall disclose a **witness list** on or before **October 1, 2026**. On or before that date, the parties are directed to exchange their complete list of witnesses.

> B. All **discovery**, including depositions of parties, witnesses and experts shall be completed by **November 2, 2026**. No discovery shall take place after that date without leave of Court upon good cause shown.

> C. **Dispositive** motions shall be filed on or before **December 7, 2026**.

> D. The parties are directed to submit a separate filing/letter regarding the status of any settlement discussions by **October 1, 2026**. The filings/letters shall contain no specific terms of settlement proposals.

---

[5]A request to extend the deadlines may be requested if needed, especially in light of Simpson's current unserved status.

E.    Parties and counsel shall file a **Separate Proposed Pretrial Statement/Order** within **thirty (30) days after resolution of the dispositive motions** filed after the end of discovery.  If no such motions are filed, the Separate Proposed Pretrial Statements/Orders will be due on or before **January 11, 2027**.  If the parties and counsel prefer, they may submit a Joint Proposed Pretrial Statement/Order.

F.  All other case management deadlines and orders shall remain in full force and effect.

DATED this 13th day of July, 2026.

_____
Cindy K. Jorgenson
United States District Judge

- 13 -